UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>COMBUSTION ENGINEERING, INC.<br><br>    Debtor.<br><br>TIG INSURANCE COMPANY (solely as successor by merger to International Insurance Company), and THE NORTH RIVER INSURANCE COMPANY,<br><br>    Plaintiffs,<br> v.<br><br>COMBUSTION ENGINEERING, INC., and BASIC, INC.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION<br>NO. 04-1550 (JEI)<br>BANKRUPTCY NO. 03-10495 (JKF)<br>ADVERSARY PROC. NO. 03-53076<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION FOR RECONSIDERATION** |

**Appearances:**
MARKS, O'NEILL, O'BRIAN AND COURTNEY, P.C.
BY: Brian L. Kasprzak, Esq.
913 North Market Street, Suite 800
Wilmington, Delaware  19801

CROWELL & MORING LLP
BY: Mark D. Plevin, Esq.
Jonathan H. Pittman, Esq.
Jennifer R. Devery, Esq.
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595

SIDLEY AUSTIN BROWN & WOOD LLP
BY: Carter Phillips, Esq.
1501 K Street
Washington, D.C.  20005

    Counsel for Plaintiffs.

**To:**
KIRKLAND & ELLIS LLP
BY: Lisa G. Esayian, Esq.
200 East Randolph Drive
Chicago, Illinois 60601-6636

        Counsel for Defendant Basic, Inc.

KIRKPATRICK & LOCKHART LLP
BY: Philip H. Hecht, Esq.
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036

        Counsel for Defendant Combustion Engineering, Inc.

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WIENTRAUB P.C.
BY: Michael P. Migloire, Esq.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

        Counsel for Defendants Combustion Engineering,
        Inc., and Basic, Inc.

GILBERT HEINTZ & RANDOLPH LLP
BY: Jonathan M. Cohen, Esq.
1100 New York Avenue, N.W., Suite 700
Washington, D.C.  2005

        Counsel for Future Claimants.


**IRENAS**, Senior District Judge:[1]

    This matter having appeared before the Court upon the Motion for Reconsideration of Plaintiffs TIG Insurance Company and the North River Insurance Company, the Court having considered the submissions of Plaintiffs, and it appearing that;

---

[1] By Order on December 8, 2004, Chief Judge Anthony J. Scirica of the United States Court of the Appeals designated and assigned Judge Irenas to sit on the United States District Court for the District of Delaware in this matter.

1.   On April 21, 2005, this Court issued an Opinion and Order upholding the Bankruptcy Court's grant of summary judgment for Defendants Combustion Engineering, Inc., and Basic, Inc. *TIG Insurance Co. v. Combustion Engineering (In re Combustion Engineering)*, Civ. No. 04-1550, 2005 WL 992885 (D.N.J. April 21, 2005).[2]  The Court held that the language of the 1991 settlement agreement ("Agreement") was ambiguous. *Id.*  Evidence in the record of the bargaining history of the parties and their conduct reflecting their understanding of the Agreement, however, enabled the Court to conclude that the parties unambiguously intended to release only insurance coverage obligations under United States Fire Insurance Policy No. XS 2012 ("XS 2012"), and not the policies issued by Plaintiffs.  *Id.*

2.   Plaintiffs timely filed the instant Motion for Reconsideration on May 2, 2005, within ten days of this Court's Opinion and Order, as required by Bankruptcy Rule 8015 and Delaware Local Civil Rule 7.1.5.  Plaintiffs contend that this Court overlooked evidence in the record that would support a jury's finding that the parties to the Agreement intended to release the policies issued by Plaintiffs, and therefore, the Court should have allowed a fact-finder to determine the intent

---

[2]The Court notes that WestLaw has erroneously marked the decision as one from the District of New Jersey.  The Opinion and Order were filed in the District of Delaware, and steps will be taken by the Court to ensure that the decision is properly reported.

of the parties in executing the Agreement.

    3.    Bankruptcy Rule 8015 does not provide a standard for granting a motion for rehearing or reconsideration.[3] The Advisory Committee notes to Rule 8015 indicate that it was modeled on Federal Rule of Appellate Procedure 40(a), and courts have looked to Rule 40(a) for guidance in addressing motions brought under Rule 8015. *See Kosmala v. Imhof (In re Hessco Industries)*, 295 B.R. 372, 375 (9th Cir. 2003); *Chen v. Texas Workers Compensation Ins. Fund (In re A.C. Painting)*, No. 3:02-CV-1582-P, 2003 WL 21659382 **3-4 (N.D. Tex. March 21, 2003); *Young v. Paramount Communications, Inc. (In re Wingspread Corp.)*, 186 B.R. 803, 807 (S.D.N.Y. 1995); *Olson v. United States*, 162 B.R. 831, 834 (D. Neb. 1993). Rule 40(a) provides, in part, that a petition for rehearing "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2).

    4.    Plaintiffs point to several pieces of evidence in the

---

[3] Plaintiffs' brief does not include a statement of the appropriate standard for resolving its Motion, however, it appears that they expected the general standard for reconsideration of an order of a district court to apply. (Pl. Br. At 2, n.1, citing *Karr v. Castle*, 768 F. Supp. 1087 (1991).) Even if that were the applicable standard, the Court notes that a motion for reconsideration "is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. A.T. & T. of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

4

record, including correspondence between Combustion Engineering, Basic, International and other insurance companies, as well as deposition testimony of the individual who negotiated and executed the Agreement on behalf of United States Fire Insurance. They argue that this evidence creates a material issue of fact as to the intent of the parties in executing the Agreement, precluding this Court from concluding based on extrinsic evidence that the parties intended to release only XS 2012.

5.   The Court did not overlook this evidence in the record in reaching its conclusion that the Agreement was intended to release only those insurance coverage obligations arising from XS 2012.  The evidence cited by Plaintiffs does not create a genuine issue of material fact as to the intent of the Agreement, in light of the uncontroverted evidence that the parties did not discuss policies or companies other than the single United States Fire Insurance policy, XS 2012, issued to Combustion Engineering during the negotiations, and at the time the Agreement was negotiated, neither Defendant had made claims under the policies Plaintiffs now argue have been released, nor had the liabilities of Defendants reached those policies.

6.   The Third Circuit in *Teamsters Industrial Employees Welfare Fund v. Rolls-Royce Motor Cars*, 989 F.2d 132 (1993), held that in the event a contractual provision is found to be ambiguous, it is not necessary for the appellate court to remand

the issue of intent to the fact-finder where, as here, "[t]he absence of a genuine factual dispute obviates the need for further proceedings." *Id.* at 137.

Based upon the foregoing and for good cause shown,

**IT IS** on this  5th  day of May, 2005,

**ORDERED THAT:**

1.   Plaintiffs' Motion for Reconsideration is **DENIED**.

 

s/*Joseph E. Irenas*
JOSEPH E. IRENAS
Senior United States District Judge